**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Felix Manuel ORTIZ, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1999.

Filed Jan. 19, 2000.

Glenn M. Goodge, Asst. Public Defender, Allentown, for appellant.

Patricia H. Dervish, Asst. Dist. Atty., Allentown, for Com., appellee.

---

Before CAVANAUGH, KELLY and BECK, JJ.

CAVANAUGH, J.:

¶ 1 Felix Ortiz appeals from the order which revoked his parole and recommitted him to serve the balance of his county sentence of imprisonment consecutive to a state sentence of imprisonment imposed for the offense upon which the parole revocation was based. Appellant alleges that the consecutive nature of the recommitment violates double jeopardy protection. Finding no constitutional violation, we affirm.

¶ 2 The facts show that appellant entered an open plea on January 14, 1998, to aggravated assault (Lehigh County criminal case, docket number 3034/1997). Appellant was sentenced to serve a term of imprisonment of from 8 to 24 months less one day. On July 12, 1998, appellant was paroled from prison. Less than three weeks later, while on parole, appellant apparently committed an assault with a firearm. He was charged with, *inter alia,* attempted murder (Lehigh County criminal case, docket number 2924/1998). In answer to the charges, he entered a negotiated plea of guilty to aggravated assault and on March 9, 1999, he was sentenced to a term of from five to ten years imprisonment in a state penitentiary to be served concurrently with the county prison sentence previously imposed at docket number 3034/1997.[1]

¶ 3 Three weeks later, on April 1, 1999, a parole revocation hearing in case number 3034/1997 was conducted pursuant to a petition filed by the Commonwealth. Appellant did not contest the parole violation, but asked that his recommitment to serve the back time of his county sentence be ordered to run concurrent with the five to ten year sentence imposed at 2924/1998. The Commonwealth, on the other hand, requested that recommitment be consecutive thereto. Following argument of the parties, the court directed that appellant's back time on number 3034/1997 be served consecutive to appellant's five to ten year sentence at 2924/1998.[2]

¶ 4 Appellant filed a notice of appeal from the order of revocation and recommitment of the county sentence. The court directed appellant to file a concise statement of matters complained of pursuant to Pa.R.A.P. 1925(b) within fourteen days. The statement, filed two weeks late, alleged that the court illegally recommitted appellant to "the balance of [appellant's] parole period consecutive to the concurrent sentence that had been imposed on the new conviction, which formed the basis for the violation." The court's subsequent Rule 1925(a) opinion relied on *Commonwealth v. Ferrer*, 319 Pa.Super. 152, 465 A.2d 1275 (1983), to support the propriety of its order. Appellant's current appeal from the court's order raises one question for our review:

A. WHETHER THE COURT COMMITTED ERROR IN VIOLATION OF CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY IN IMPOSING A PAROLE VIOLATION SENTENCE UPON DEFENDANT WHICH WAS TO RUN CONSECUTIVE TO THE CONCURRENT SENTENCE IMPOSED UPON HIM FOR HIS NEW CONVICTION?[3]

1. At the time of sentencing on case number 2924/1998, appellant's parole in case number 3404/1997 had not yet been revoked.

2. Thus, while the sentence at 2924/1998 was ordered to run concurrent with the sentence at 3404/1997, upon subsequent revocation of parole at 3404/1997, recommitment to serve the balance of that sentence was directed to run consecutive to the sentence at 2924/1998.

3. The record certified to this court contains little information regarding case number 2924/1998. A copy of the case's docket activity is contained in appellant's reproduced record and its relevant facts are undisputed by the parties. It is clear that this court may only consider matters which are included in the certified record. Pa.R.A.P. 1921; *Commonwealth v. duPont*, 730 A.2d 970, 975, n. 7 (Pa.Super.1999). After careful review, we conclude that there is sufficient evidence of

¶ 5 Had appellant's sentence at 3404/1997 been for a term of two years or more, thereby vesting exclusive jurisdiction over his parole to the Pennsylvania Board of Parole, upon revocation of parole, his recommitment to serve the remainder would be mandated by statute to run consecutive to the sentence which formed the basis of the revocation. *See* 61 P.S. § 331.21a. However, appellant's potential maximum sentence at 3404/1997 was one day less than two years. Thus, jurisdiction over appellant's parole was vested in the county court. 61 P.S. § 314. Section 314 provides that upon revocation of parole, the court "shall have power to recommit to jail[,]" but is silent as to whether that recommitment should run consecutive to, or concurrent with, any other sentence.

¶ 6 In *Commonwealth v. Ferrer, supra,* Ferrer was on parole from two separate county sentences [4] when he committed a new offense which resulted in his incarceration. Two separate parole violation hearings were held before two different judges. Ferrer's paroles were revoked and he was recommitted to serve the balance of each respective sentence. Neither recommitment order stated whether it should be served concurrent with or consecutive to the sentence Ferrer was then serving for the offense out of which the parole violations arose. Neither recommitment order stated whether it should be served concurrent with or consecutive to the other recommitment. Prison officials, however, computed the balances to be served consecutively to the sentence Ferrer was then serving.[5] Ferrer filed a separate writ of mandamus with respect to his incarceration under each sentence balance. Both writs were denied and he appealed from each denial to this court, which consolidated the appeals. The issue to be decided was whether prison officials could legally compute the recommitment balances to run consecutive to the sentence imposed for the offense or offenses out of which the parole violations arose.

¶ 7 We noted that by statute, parolees from state penitentiaries, upon revocation of parole, must serve in consecutive fashion the sentence for the new crime as well as the unexpired balance of the parole sentence. *Ferrer* at 1277. In reliance on *Commonwealth ex rel. DiBoni v. Baldi,* 339 Pa. 96, 15 A.2d 352 (1940) (affirmed per curiam on the basis of *Commonwealth v. Ripka,* 37 Pa. D & C 315 (1940)), we determined that the requirements of consecutive back time imposed upon persons paroled from penitentiaries is equally applicable to persons paroled from county prisons. *Id.* at 1277–79.

¶ 8 Appellant herein questions the wisdom of the *Ferrer* court's reliance on a *per curiam* decision in *DiBoni.* In *DiBoni,* our supreme court affirmed the denial of a writ of *habeas corpus* on the express basis of the trial court's disposition and reasoning in *Ripka.* In *Ripka,* the trial court concluded that the legislature intended the administration of parole to be uniform between the Board of Parole and the county courts, and thus, that the requirement that back time be served consecutively applied not only to state parole violators but to county parole violators as well. *Ripka* at 218–20. Appellant now claims that *Ripka* "is merely persuasive, not precedential authority[.]" Appellant's Brief at 12.

record to enable us to address the issue raised in the present appeal.

Further, although appellant's Rule 1925(b) statement was untimely filed, the trial court's subsequent opinion discussed the sole issue raised therein and, thus, there is no impediment to our meaningful review. *See generally Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998). Accordingly, we elect not to find waiver.

4. Philadelphia County, Criminal, number 337, December Session, 1973, and Philadelphia County, Criminal, numbers 494–99, September Session, 1975.

5. It was unknown whether the balances were computed to run concurrent with or consecutive to each other.

¶ 9 In *Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898 (1996), noting "confusion within the Bar[,]" our supreme court addressed whether *per curiam* orders of affirmance issued by the court indicate its adoption of the rationale employed by the lower court and whether a lower court's opinion, affirmed *per curiam*, has precedential value beyond law of the case, but is precedent as to unrelated parties in cases involving substantially similar facts pursuant to the rule of *stare decisis*. The court concluded that "our entry of an order of *per curiam* affirmance on the basis of the lower court's opinion ... means that we agree with the lower court's rationale employed in reaching its final disposition." *Id.* at 589, 673 A.2d at 904.

■ ¶ 10 Here, some sixty years ago, our supreme court affirmed *DiBoni per curiam* on the express basis of the trial court's opinion in *Ripka*. Thus, we conclude that the supreme court adopted the rationale of the lower court in *Ripka*, and that *Ripka* holds precedential value for disposition of cases which involve substantially similar facts and issues. It is clear that this court's reliance on the rationale of *Ripka* in deciding *Ferrer* preceded our supreme court's clarification regarding the precedential value of *per curiam* affirmances based on lower court opinions. Although appellant questions the wisdom of such reliance, after careful review, we conclude that *Ferrer* is controlling here. We find that the consecutive back time requirement imposed upon state parolees is equally applicable to county parolees as following the legislature's intent that the administration of parole should be uniform. Accordingly, we find no illegality in the trial court's order directing appellant to serve the balance of his parole sentence consecutively to his current state sentence.

■ ¶ 11 Appellant additionally argues, however, that the consecutive nature of his recommitment violates double jeopardy protection. He cites extensively to *Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6 (1992) and *Commonwealth v. Sharpe*, 445 Pa.Super. 419, 665 A.2d 1194 (1995) for support. We find these cases inapposite.

¶ 12 In *Bischof*, following a negotiated plea of guilty to two burglaries, the appellant was sentenced to two concurrent terms of time served to 23 months imprisonment. He was subsequently paroled and later committed a parole violation. At the parole violation hearing, the court directed that the appellant serve the back time for each sentence consecutively, despite the fact that the two sentences were initially imposed concurrently as part of a negotiated plea agreement. We reversed on appeal. We noted that, generally, the courts have jurisdiction to modify sentences only in the first 30 days after imposition and that to change sentences that were originally made to run concurrently to consecutive sentences more than thirty days after imposition, is an illegal modification of sentence which constitutes further or double jeopardy. *Id.* at 10. In *Sharpe*, we applied the holding and rationale of *Bischof* in a case which presented essentially identical factual circumstances as those in *Bischof*.

¶ 13 We conclude that neither of the cases cited by appellant is controlling. The facts of this case show that the original sentence imposed at 3404/1997 was entered upon an open plea of guilt and was not ordered to run concurrently, nor consecutively, with any other sentence. While appellant was on parole therefrom, he entered a negotiated plea of guilt to aggravated assault at 2924/1998 before a different judge. The state sentence imposed for that crime was ordered to run concurrent with appellant's previous county sentence at 3404/1997. Three weeks later, before the original judge, appellant's parole at 3404/1997 was revoked and he was directed to serve his back time consecutive to the sentence imposed at 2924/1998. As previously expressed herein, the consecutive nature of the recommitment was proper. Although appellant now complains of a double jeopardy violation in case number

3404/1997, we see none. We note that appellant's complaint, if of any merit, might possibly be better expressed as the alleged failure to receive the benefit of the presumably bargained for exchange in the sentence subsequently negotiated at 2924/1998. We express no opinion in that respect.

¶ 14 The order which revoked appellant's parole and directed that the balance of his parole sentence be served consecutive to the sentence imposed at 2924/1998 is affirmed.