801 A.2d 1261 (2002)
In re C.R.J., Appellant.
Superior Court of Pennsylvania.
Argued February 12, 2002.
Filed June 21, 2002.
Stephen C. Fleming, State College, for appellant.
J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for Com., appellee.
Before: ORIE MELVIN, KLEIN and OLSZEWSKI, JJ.
ORIE MELVIN, J.
¶ 1 This is an appeal by C.R.J., a juvenile, from the February 20, 2001 restitution Order entered in the Court of Common Pleas of Centre County, Pennsylvania. Upon review, we find this issue is waived pursuant to Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998), and therefore affirm.
¶ 2 The facts and procedural history of this case are as follows. On July 28, 2000, a juvenile petition was filed in the Court of Common Pleas of Sullivan County, Pennsylvania alleging that Appellant committed the offenses of involuntary deviate sexual intercourse, attempted involuntary deviate sexual intercourse, and indecent assault on July 2, 2000.[1] On September 5, 2000, Appellant and the Commonwealth entered into a stipulation whereby the parties agreed that the facts set forth in the juvenile petition were substantially correct and that the reasons for the proceeding would be proven at a hearing on the matter. Further, the stipulation set forth that Appellant committed the offense of indecent assault upon an individual who was less than thirteen years of age. On September 14, 2000, based upon the stipulation of the parties, the trial court adjudicated Appellant delinquent of indecent assault. The trial court further directed that the disposition would be certified to the Juvenile Court Section of the Court of Common Pleas of Centre County. On November 9, 2000, the Centre County trial court ordered that the matter be continued for not more than sixty days. A further disposition hearing was held on December 8, 2000 after an initial disposition hearing, at which time Appellant was placed on probation and was ordered to pay restitution in the amount of $12,820.00 to the mother of R.M., the juvenile victim. On December 12, 2000, Appellant filed a Petition to Establish Restitution, which set forth Appellant's challenges to the amount of restitution requested by the victim's mother. A *1262 hearing was scheduled on the matter on January 2, 2001; this hearing was later continued until January 30, 2001 at the request of the Commonwealth. On January 4, 2001, Appellant field an Amended Petition to Establish Restitution, in which Appellant claimed that the Commonwealth had not set forth any grounds for which restitution could be ordered. The hearing was then continued again until February 9, 2001 at the request of Appellant. After the hearing, the trial court entered an order on February 20, 2001, wherein it determined that the juvenile victim's mother was due restitution in the amount of $1,330.00 and Geisinger Health Group was due restitution in the amount of $465.00. Further, the trial court determined that the counseling provided to the victim by Dr. Robert Taylor, a licensed psychologist, was necessary and related to the juvenile petition. Therefore, the trial court also ordered that the juvenile victim's mother was entitled to recover the costs of treatment in the amount of $90.00 per week for the next 18 months, or until the victim's counseling is terminated. Moreover, the trial court directed that Appellant's parents were responsible for a payment of $1000.00 to the juvenile victim's mother within thirty (30) days of the date of the order. The trial court further ordered that make Appellant a required payment in the amount of $25.00 per month until he pays the entire balance. Appellant then filed the instant appeal.
¶ 3 On appeal, Appellant raises two issues for our review:
1) Did the Trial Court abuse its discretion in entering an order of restitution inconsistent with the Juvenile Act's rehabilitative policy in disposing of delinquent children?
2) Should any amount of restitution be assigned to the parents of the delinquent child?
Appellant's brief at 4.
¶ 4 Before we address the issues raised by Appellant, we must first decide whether Appellant's issues have been properly preserved for our review. The trial court and the Commonwealth assert that Appellant has waived his issues on appeal because they contend that Appellant failed to comply with the following trial court order:
AND NOW, this 1st day of May, 2001, it is the ORDER of this Court that the Defendant, [C.R.J.], appellant herein, shall file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), so as to provide this Court with guidance for the filing of any necessary Opinions.
Trial Court Order, 5/1/01, at 1.
¶ 5 On May 21, 2001, the trial court entered an order suggesting that this Court consider the failure of Appellant to file a statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure to be a waiver of all issues raised on appeal.[2] On May 22, 2001, Appellant filed his statement of matters complained of on appeal, asserting the trial court erred in ordering Appellant and his parents to pay restitution. The trial court did not file an opinion in response.
*1263 ¶ 6 Initially, we note that Rule 1925(b) states as follows:
(b) Direction to file statement of matters complained of.
The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.
Pa.R.A.P 1925(b), 42 Pa.C.S.A.
¶ 7 Upon review of the foregoing statute, we note that the trial court has the discretion to order an appellant to serve upon it a statement setting forth the issues to be presented on appeal no more than fourteen days after the entry of such order. The rule also states that upon the appellant's failure to comply with this directive, an appellate court may determine that the appellant has waived his claims on appeal. Further, we note that "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). Moreover, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).
¶ 8 In accordance with our Supreme Court's holding in Commonwealth v. Lord, supra, this Court has held that the failure of an appellant to file a 1925(b) statement when ordered by the trial court results in a waiver of all claims on appeal. See Commonwealth v. Steadley, 748 A.2d 707, 709 (Pa.Super.2000) (holding that the appellant waived claims on appeal by failing to file a statement of matters complained of on appeal after the trial court directed her to do so within fourteen days); see also Commonwealth v. Overby, 744 A.2d 797 (Pa.Super.2000) (holding that the appellant had waived issues on appeal when the trial court ordered the appellant to file a concise statement of matters complained of on appeal within fourteen days, the appellant failed to do so, the trial court issued a memorandum several months later stating that no statement had been filed, and the appellant subsequently filed a statement with the trial court approximately three weeks later). However, we recognize that this Court has addressed an appellant's claim on appeal even in an instance when the appellant has filed her statement of matters complained of on appeal after the fourteen day deadline when the trial court's subsequent opinion addressed the issue set forth therein. Commonwealth v. Ortiz, 745 A.2d 662, 664, fn. 3 (Pa.Super.2000), appeal denied, 568 Pa. 658, 795 A.2d 973 (2000).
¶ 9 In Ortiz, the appellant filed his 1925(b) statement fourteen (14) days late. The panel therein noted that while the statement was untimely filed, the trial court's subsequent opinion nevertheless discussed the sole issue raised therein and, therefore, meaningful appellate review was not impeded. In the instant case, Appellant filed his statement of matters complained of on appeal one day after the trial court entered an order suggesting that Appellant's issues raised on appeal should be deemed waived by this Court. We note that the trial court's May 1, 2001 order did not specifically state that Appellant must file his statement of matters complained of on appeal within fourteen days of the date of that order. However, it specifically directed Appellant to file his statement pursuant to Rule 1925(b). Rule 1925(b) provides that a trial court may enter an order directing an appellant to file and serve upon the court a concise statement of matters complained of on appeal "no later than *1264 14 days after the entry of such order." Pa.R.A.P.1925(b), 42 Pa.C.S.A. By directing Appellant to file a statement in accordance with Rule 1925(b) in its order, the trial court clearly referenced the rule. Rule 1925(b) includes a fourteen-day time provision for an appellant to file a statement after the trial court's entry of an order directing the appellant to do so. As such, we find Appellant was placed on notice that he had fourteen days to file a concise statement of matters complained of on appeal. See Commonwealth v. Gray, 784 A.2d 137, 140-141 (Pa.Super.2001) (stating: "Rule 1925(b) speaks directly to the appellant's obligation to file the statement within 14 days, it is reasonable that such party may rely on the language of the rule in fulfilling his or her obligation."). Moreover, unlike in Ortiz, here the trial court did not file an opinion addressing the issues raised in Appellant's untimely 1925(b) statement. "[T]he absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." Lord, 553 Pa. at 419, 719 A.2d at 308. Accordingly, by failing to file a concise statement of matters complained of on appeal in a timely manner pursuant to Rule 1925(b) and the trial court's refusal to overlook the untimeliness, we find that Appellant has waived his claims on appeal. Cf. Commonwealth v. Alsop, 799 A.2d 129 (Pa.Super.2002) (en banc) (declining to find waiver where trial court issued opinion after receiving late 1925(b) statement and addressed issue contained therein.)
¶ 10 Order affirmed.
NOTES
[1] 18 Pa.C.S.A. §§ 3123(a)(6), 901/3123(a)(6), and 3126(a)(7) respectively.
[2] The trial court order provides as follows:

AND NOW, this 21st day of May, 2001, this Court having filed an order pursuant to Pennsylvania Rule of Appellate procedure 1925(b) on the 1st day of May, 2001, and the Court having received no response thereto, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) it is respectfully suggested that the Superior Court shall consider that failure, "as a waiver of all objections to the order, ruling, or other matter complained of."
Trial Court Order, 5/21/01, at 1.