COMMONWEALTH of Pennsylvania,
Appellee

v.

Satar ALHATHAF, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 26, 2004.

Filed June 24, 2004.

Frank C. Arcuri, York, for appellant.

Carrie A. Wirsing, Assistant District Attorney, York, for Commonwealth, appellee.

Before: STEVENS, McCAFFERY, and OLSZEWSKI, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of York County after a jury convicted Appellant on charges of rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, and furnishing alcohol to a minor. On appeal, Appellant raises two claims of ineffective assistance of trial counsel. For the following reasons, we affirm.

¶ 2 Appellant was arrested and charged on allegations that he committed a single act of sexual assault by forced anal intercourse upon a nineteen year old male while in Appellant's residence. Convicted on all charges at the conclusion of his September 10, 2002 jury trial, Appellant underwent a Megan's Law and Sentencing hearing where the court determined that he was not a sexually violent predator. The court therefore imposed an aggregate sentence of six and one-half years' to thirteen years' imprisonment.

¶ 3 On March 26, 2003, the trial court appointed present counsel for Appellant after trial counsel had filed a petition alleging his own ineffectiveness. The trial court granted present counsel's April 8, 2003 petition for reinstatement of appellate rights *nunc pro tunc,* and counsel timely filed notice of appeal on April 10, 2003. The trial court thereafter ordered counsel to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within fourteen days of the April 10, 2003 order. The docket sheet reflects that counsel was furnished with the court's order on April 14, 2003.

¶ 4 Fourteen days later, on April 28, 2003, counsel filed with the court a motion for extension of time in which to file the 1925(b) statement. The motion states that

counsel was still awaiting trial transcripts and could not prepare a 1925(b) statement without them. On April 29, 2003, the trial court denied counsel's motion because it "[did] not consider that it has jurisdiction or authority to expand the time requirements of [Pa.R.A.P.1925....." It followed this order with a Pa.R.A.P.1925(a)] opinion dated May 13, 2003, recommending that we find all issues in the present appeal waived.

¶ 5 On June 16, 2003, counsel filed a concise statement of matters complained of on appeal alleging two issues of ineffectiveness of counsel and citing where in the trial transcript each act of ineffectiveness took place. In addition, counsel cited this Court's decision in *Middleton v. Middleton*, 812 A.2d 1241 (Pa.Super.2002) for the proposition that the trial court did, in fact, possess authority to grant an extension of time in which to file a 1925(b) statement.[1] Counsel asked the trial court to accept the belated statement and to write a responsive 1925(a) opinion.

¶ 6 The trial court responded with a "Supplement to Trial Court's 1925(a) Statement" which denied any holding in *Middleton* recognizing authority in trial courts to extend the time for filing concise statements under Rule 1925. Nevertheless, the court no longer advocated waiver of issues and, instead, addressed Appellant's ineffectiveness claims, stating:

> Nonetheless the Trial Court observes that [Appellant] now attempts to raise allegations of ineffective assistance of Trial Counsel. The Trial Court would observe that in the procedural posture this case is currently in we have been precluded from establishing an appropriate record for, and making inquiry into, ineffective assistance of Trial Counsel issues.

Supplement to Trial Court's 1925(a) Opinion at 5. Despite its assertion of a deficient record, however, the court provided its observations of the case and asked this Court to dismiss Appellant's issues on their merits.

■ ¶ 7 When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed, *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998), but is discretionary with the trial court when the statement is belatedly filed. *See In re C.R.J.*, 801 A.2d 1261 (Pa.Super.2002) (finding waiver where trial judge deemed all issues waived for belated filing); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000) (finding no waiver where trial judge elected to address belated statement). We decline to exercise our discretion to impose the waiver rule in response to Appellant's belatedly filed concise statement where the trial court elected to file a Supplemental Rule 1925(a) opinion that did not advocate waiver and, instead, addressed the issues on their merits.

■ ¶ 8 Turning now to Appellant's ineffectiveness claims, we find that they fall squarely under the general rule espoused in *Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002), that parties "should wait to raise claims of ineffective assistance of trial counsel until collateral review." As noted by the trial court, it never had the opportunity to address directly any claim of ineffectiveness based on the record before it. None of the recognized exceptions to this rule, *See Commonwealth v. Blick*, 840 A.2d 1025 (Pa.Super.2004) (collecting cases), moreover, applies to the present matter.

---

**1.** The trial court's eventual treatment of the belated filing rendered the dispute over *Middleton* moot.

¶ 9 Accordingly, we dismiss Appellant's claim alleging the ineffectiveness of trial counsel without prejudice to Appellant to raise it in a subsequent petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.

¶ 10 Judgment of Sentence is affirmed.