J-A26043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

JACQUELINE EDWARDS : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROBERT EDWARDS :
:
Appellant : No. 1956 MDA 2016

Appeal from the Order Entered November 14, 2016
In the Court of Common Pleas of Centre County Civil Division at No(s):
14-0012

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED FEBRUARY 09, 2018**

Appellant, Robert Edwards, appeals from the order entered November 14, 2016, which denied two motions filed by Appellant challenging a qualified domestic relations order (QDRO) that issued in September 2016. Following a hearing in November 2016, the trial court denied Appellant's motions, and Appellant timely appealed.  Thereafter, Appellant failed to file and serve upon the trial court a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal as directed by the trial court.  Thus, Appellant has waived all issues on appeal.  ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*).  Accordingly, we affirm the order entered November 14, 2016.

In February 2016, the parties were divorced.  Contemporaneously, the trial court entered an equitable distribution order.  ***See*** Trial Court Opinion

and Order, 02/11/2016. In relevant part, the court determined that Appellee was entitled to $500,353.56 from Appellant's State Employees' Retirement System (SERS) account, with payment subject to wage attachment of $2,250.00 per month. *Id.* at 11. In addition, Appellant was directed to distribute all proceeds from his Vanguard retirement account to Appellee after first paying $8,149.50 to Mindy Thomas, CPA, for services rendered as appointed guardian of the marital estate. *Id.* Appellant did not appeal.

In May 2016, the trial court signed a qualified domestic relations order (May QRDO), which directed Appellant's SERS account to comply with the prior, equitable distribution order. *See* May QRDO, 05/04/2016. In June 2016, Appellant filed two petitions for relief, challenging the May QRDO. The trial court denied those petitions, and Appellant did not appeal.

In September 2016, a second QDRO was entered pursuant to the equitable distribution order. The September QDRO directed that Appellant's Vanguard account be transferred from Appellant's name to Appellee's name, with the disbursement made to Ms. Thomas. *See* September QDRO, 9/22/2016. Thereafter, Appellant filed two motions challenging the September QDRO. In the first, Appellant sought reconsideration and/or rescission of the September QDRO, asserting that its terms were "obviously flawed." *See* Appellant's "Appeal of the September 22nd QDRO Regarding

[Appellant's] Vanguard Account," 10/12/2016.[1]   In the second, Appellant asserted that Vanguard had failed to comply with the terms of the September QDRO.  **See** Appellant's "Petition to Report Vanguard Failure," 10/24/2016.[2]

At the November hearing scheduled to resolve his motions, Appellant clarified that the relief he sought was premised upon an alleged error in the trial court's valuation of Appellant's SERS account.  Notes of Testimony (N.T.), 11/03/2016, at 15-18.  According to Appellant, the court's valuation included an estimated $200,000 error.  **Id.** at 17.  Appellant suggested that the court had an opportunity to "equita[bly] repair" this error by rescinding the September QDRO and permitting him to retain the Vanguard retirement account.  **Id.**  In response, the trial court reiterated that it had already decided the value of Appellant's SERS account.

> The Court:  I already made that decision[,] and you didn't appeal it in time.  This is an appeal or a reconsideration of what

---

[1] Though styled an "appeal," based upon the assertions made therein and the relief sought, the trial court deemed this filing a motion for reconsideration.  **See** Trial Court Order, 10/20/2016.  The court expressly granted Appellant's motion for reconsideration and scheduled a hearing for November 3, 2016. **Id**.  To be clear, Appellant did not file a notice of appeal to this Court until December 1, 2016.  **See** Appellant's Notice of Appeal, 12/01/2016.

[2] Appellant alleged that Vanguard had transferred the account into Appellee's name without first making the necessary disbursement to Ms. Thomas.  Appellant's "Petition to Report Vanguard Failure," 10/24/2016, at ¶5.

was happening with the Vanguard account and the [QDRO] regarding the Vanguard account.

*Id.* at 18. Thereafter, Appellant expressly acknowledged, "Unfortunately, my appeal discusses the 11 February Order." *Id.*

Regarding his Petition to Report Vanguard Failure, Appellant also acknowledged that his claim was moot:

The Court: But Vanguard corrected their error, right?

…

Mr. Edwards: Yes. They did correct the error that they made regarding the QDRO and let me --

The Court: So if there is money in there to go to Ms. Thomas --

Mr. Edwards: Yes. There is now after October 31 with a small dividend they gave me.

The Court: Okay. That's good. That's what they are supposed to do.

N.T. at 20-21.

At the close of the hearing, as Appellant's claims were either untimely or moot, the trial court denied Appellant relief. *Id.* at 22-23; *see also* Trial Court Order, 11/14/2016. Appellant timely appealed.

On December 5, 2016, the trial court issued an order directing Appellant's compliance with Pa.R.A.P. 1925(b) and admonishing Appellant that his failure to comply would result in waiver of any issue not properly preserved therein. *See* Trial Court Order, 12/05/2016. Further, the Centre County docket indicates that notice of the court's order was mailed to

Appellant on December 6, 2016. Centre Cty. Docket No. 14-0012 at 5. Appellant did not comply. To date, Appellant has never filed with the trial court nor served upon the trial judge a statement of errors complained of on appeal.

Nevertheless, the trial court considered a letter, sent by Appellant to the Prothonotary of this Court, to indicate those matters Appellant wished to appeal. *See* Superior Court Docket Statement, 12/19/2016, at 4 (unpaginated). Appellant's letter made clear that he continues to pursue relief from the trial court's equitable distribution order. *Id.* In response, the court issued an opinion further explaining its decision to deny Appellant relief. Trial Court Opinion, 01/12/2017.

Appellant seeks to raise the following issues on appeal:

Question 1: Does the September 22, 2016 QDRO Order contain obvious and patent errors regarding the increased value of the Appellant's Vanguard account as a result of an obvious and patent error in the February 11, 2016 Opinion and Order?

Question 2: Does the February 11, 2016 Opinion and Order contain several obvious and patent errors regarding SERS [a]ssets?

Appellant's Br. at 9.[3]

---

[3] Appellant also purports to raise several ancillary questions. *See* Appellant's Br. at 10. However, as Appellant acknowledges that these issues "[w]ere not posed to the [t]rial [c]ourt," we decline to recognize them. *Id.*; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Initially, we address Appellant's failure to submit a Pa.R.A.P. 1925(b) statement. Pennsylvania Supreme Court precedent has set forth a bright-line rule, demanding strict adherence to the requirements of Rule 1925(b). **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005).

> [We] re-affirm the bright-line rule first set forth in [**Commonwealth v.**] **Lord**[, 719 A.2d 306 (Pa. 1998),] that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Lord**, 719 A.2d at 309.
>
> In reversing the court below, we specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to **Lord** and have addressed issues that should have been deemed waived. **See, e.g.**, **Commonwealth v. Alsop**, 799 A.2d 129 (Pa. Super. 2002) (declining to waive issues raised in untimely Pa.R.A.P.1925(b) statement based on finding of no impediment to appellate review given trial court's discussion of issues); **Commonwealth v. Ortiz**, 745 A.2d 662 (Pa. Super. 2000) (same).

**Id.** at 780. Moreover, waiver shall occur even in those cases in which a trial court addresses the merits of an appeal. **Greater Erie Indus. Dev. Corp.**, 88 A.3d at 224-25 (Pa. Super. 2014) (*en banc*) (recognizing that the Supreme Court "specifically removed our authority to allow … discretionary review").

Strict adherence to the requirements of Rule 1925(b) applies to the trial court as well. Thus, this Court has recognized that the bright-line waiver rule will not apply unless the terms of the order directing 1925(b) compliance are complete and proper notice of the order has been sent to an

appellant. ***Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225-26; ***see also In re Estate of Boyle***, 77 A.3d 674 (Pa. Super. 2013); Pa.R.C.P. 236 (regarding notice by the prothonotary of entry of an order).

The record reveals that the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Trial Court Order, 12/05/2016. Specifically, the court directed Appellant to "file a statement of errors complained of on appeal … within twenty-one (21) days of the filing of this [o]rder." ***Id.*** Further, the court directed that the statement "shall be served on this [c]ourt pursuant to Pa.R.A.P. 1925(b)(1)." ***Id.*** The court sent notice of the entry of this order to Appellant on December 6, 2016. Centre Cty. Docket No. 14-0012 at 5. As the trial court complied with the requirements of Pa.R.A.P. 1925(b), Appellant's failure to file and serve upon the trial court a statement of errors complained of on appeal is fatal. ***Castillo***, 888 A.2d at 780; ***Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225-26. This is so despite the trial court's opinion issued in response to Appellant's appeal. ***Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225. Accordingly, we deem all issues waived. ***Id.***

Absent this waiver, we note briefly that the issues Appellant purports to appeal are not properly before us. Essentially, Appellant asserts the trial court erred in its valuation of his SERS Account. In February 2016, the court issued its equitable distribution order, which distributed the marital estate "in a 50/50 manner." Trial Court Opinion and Order, 02/11/2016, at 10.

Regarding Appellant's SERS account, the court determined that Appellee was entitled to $500,353.56, with payment subject to wage attachment of $2,250.00 per month. *Id.* at 11. Though Appellant offers various arguments and theories of relief, Appellant concludes that the court's mistake in February 2016 must be fixed in order "to achieve economic justice." Appellant's Br. at 38.

Pennsylvania Rule of Appellate Procedure 903 provides, in relevant part:

> Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a).

Here, Appellant's attempt to appeal the trial court's decision in February 2016 is untimely. The equitable distribution order issued on February 11, 2016. Pursuant to Rule 903(a), Appellant was required to file his notice of appeal from that order by March 14, 2016. He failed to do so. Thus, we may not consider Appellant's arguments.[4, 5]

---

[4] The timeliness of an appeal implicates this Court's jurisdiction. *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007). Where this Court lacks jurisdiction because an appeal is untimely, quashal is appropriate. *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). We decline to quash Appellant's appeal here. Although the issues raised by Appellant are untimely, he nonetheless timely appealed from the order entered November 14, 2016.

Order affirmed. Jurisdiction relinquished.

Judge Bowes files a concurring statement in which Judge Olson joins.

Judge Olson concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2018

*(Footnote Continued)* ────────────

[5] We observe that Appellant has been told repeatedly that his continued efforts to challenge the equitable distribution order are untimely. ***See, e.g.***, N.T. at 21 ("The Court: We have discussed it I don't know how many times since February, several, several, several …"); ***see also*** Trial Court Order, 06/14/2016, at 1 (denying several petitions filed by Appellant seeking relief from the equitable distribution order and noting, "[Appellant] had thirty (30) days from the February 11, 2016 equitable distribution [o]rder to appeal").

A trial court may not modify or rescind any order beyond a thirty-day period after its entry. 42 Pa.C.S. § 5505. Thus, Appellant's efforts are futile. To the extent Appellant relies on ***Commonwealth v. Cole***, 263 A.2d 339 (Pa. 1970), and similar cases recognizing that a court always retains jurisdiction to correct obvious and patent errors, we note that Appellant's reliance is misplaced. Those cases have deemed permissible corrections to clerical errors or mistakes demonstrably false or contradictory. ***See Commonwealth v. Holmes***, 933 A.2d 57, 66-67 (Pa. 2007) ("This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power.").