J-S73022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KELVIN MADERA | : | |
| | : | |
| Appellant | : | No. 535 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000017-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 22, 2020**

Kelvin Madera appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his conviction of two counts of possession with intent to deliver (PWID) and one count of conspiracy to commit PWID.  After careful review, we remand.

Following a jury trial, Madera was found guilty of the above-mentioned crimes; he was sentenced on October 18, 2018, to 2 consecutive terms of 14 months to five years for PWID and a 10-year probationary term for conspiracy. On November 15, 2018, Madera filed post-sentence motions challenging the weight and sufficiency of the evidence and the discretionary aspect of his sentence.  On April 3, 2019, Madera's post-sentence motions were denied by operation of law.  **See** Pa.R.Crim.P. 720(B)(3)(b).  Madera filed a timely notice of appeal on the same date.  On April 4, 2019, the trial court ordered Madera file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal

within 30 days from the date of the entry of the order on the docket. The court's order also stated that "[a]ny issue not properly included in the Statement *timely* filed and served pursuant to [Rule] 1925(b) shall be deemed waived." Pa.R.A.P. 1925(b) Order, 4/4/19 (emphasis added). The court's Rule 1925(b) order was appropriately filed and served on the parties. Counsel filed Madera's Rule 1925(b) statement on June 10, 2019, more than one month past the filing deadline outlined in the court's Rule 1925(b) order.

Before we address the merits of this appeal, we must first determine whether Madera has waived his issues by filing an untimely Rule 1925(b) statement. In **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009), this Court discussed the ramifications of counsel's failure to file a timely Rule 1925(b) statement:

> The complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus[,] untimely filing of the [Rule] 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.
>
> The view that Rule 1925(c)(3) does not apply to untimely [Rule] 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a [Rule] 1925 concise statement would do less of a disservice to the client than the attorney who files a [Rule] 1925 concise statement beyond the deadline for filing.

*Id.* at 432-33. Recently, in **Commonwealth v. Andrews**, 213 A.3d 1004 (Pa. Super. 2019), where the appellant's Rule 1925(b) statement was also

untimely filed, because the record contained no indication that the court ever served appellant with its Rule 1925(b) order and where the trial court did not comment on the untimely filing of the statement, our Court neither found waiver nor the need to remand for the preparation of a trial court opinion. *Id.* at 1009-10.

Here, there is record proof that Madera's attorney was served with the trial court's Rule 1925(b) order despite his claim that he never received it. Moreover, the trial court not only acknowledges that Madera filed his Rule 1925(b) statement untimely, but also explicitly "rejec[ted] Defendant's untimely concise statement of errors complained of on appeal" and noted that "none of Defendant's claims involve[s] non-waivable issues." As a result, the court deems "all [of Defendant's] claims . . . waived" and concludes that it "need not issue a responsive Rule 1925(a) opinion. *See Commonwealth v. Wallace*, 97 A.3d 310, 218 n.14 (Pa. 2014)[.]"

The trial court cites *Commonwealth v. Rodriguez*, 81 A.2d 103, 105 n.2 (Pa. Super. 2013), in its non-responsive Rule 1925(a) opinion for the proposition that "the trial court has discretion to reject or accept an untimely Rule 1925(b) statement." Rule 1925(a) Non-Responsive Opinion, 6/25/19, at 3. *Rodriguez* cites *Commonwealth v. Ortiz*, 745 A.2d 662, 663-64 n.3 (Pa. Super. 2003), to support this edict regarding a trial court's discretion on how to treat untimely filed Rule 1925(b) statements. *Ortiz*, however, not only pre-dates *Burton*, but was also issued before Rule 1925 was amended to include subdivision (c) which recognizes that "the failure to file and serve a

- 3 -

timely Statement is a failure to perfect the appeal . . . is presumptively prejudicial and 'clear' ineffectiveness." Pa.R.A.P. 1925(c)(3), Comment.

Based on **Burton** and the purpose behind the 2007 amendments to Rule 1925, we find it necessary to remand this case to the trial court for the preparation of a responsive Rule 1925(a) opinion that addresses the issues raised in counsel's untimely Rule 1925(b) statement. Where the court clearly issued its Rule 1925(a) order to the parties and trial counsel waited another 12 days to file the statement after discovering that the order had been filed, we find that counsel has prejudiced his client due to his *per se* ineffectiveness and remand is proper. **See Burton**, **supra** (treating late filing of Rule 1925(b) statement as equivalent of failure to file statement; remand necessary where trial court has not filed opinion addressing issues presented in untimely statement).

Case remanded for preparation of responsive Rule 1925(a) opinion. Panel jurisdiction retained.