# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian D. Yanoviak, Gregory Stenstrom, :
Paul Linkmeyer, Dustin Kasper, and :
and Jaclyn Kasper, :
                 Appellants :
                 :
         v. :
                 :
Chester County and Chester County : No. 1522 C.D. 2023
Board of Elections :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                          FILED: February 21, 2024

Brian D. Yanoviak, Gregory Stenstrom, Paul Linkmeyer, Dustin Kasper, and Jaclyn Kasper (collectively, Appellants) appeal pro se from the Chester County (County) Common Pleas Court's (trial court) December 8, 2023 order sustaining the County's and the County Board of Elections' (collectively, Appellees) preliminary objections (Preliminary Objections) to Appellants' Petition to Open Ballot Box and Recanvass Voting Machines (Petition), and dismissing the Petition. After review, this Court affirms.

On November 15, 2023, Appellants filed the Petition in the trial court. On November 29, 2023, Appellees filed a Motion for Consolidation and their Preliminary Objections. On December 1, 2023, Appellees filed a Motion for Expedited Consideration of Appellees' Motion for Consolidation and Preliminary Objections (Motion to Expedite). By December 4, 2023 order, the trial court granted the Motion to Expedite. On December 8, 2023, the trial court denied the Motion for Consolidation, sustained the Preliminary Objections, and dismissed the Petition. On December 13, 2023, Appellants appealed from the trial court's order.

On December 18, 2023, the trial court directed Appellants to file of record and serve on the trial court judge a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On January 17, 2024, the trial court issued its opinion pursuant to Rule 1925(a), wherein it stated, in pertinent part:

> On December 18, 2023, [the trial court] directed [Appellants] to file a [Rule 1925(b) Statement] within [21] days. The [Rule 1925(b) Statement] was due January 8, 202[4].[1] On January 12, 202[4], [Appellants] delivered a [Rule 1925(b) Statement] to my chambers; however, the [Rule 1925(b) Statement] has not been filed of record. Pursuant to [Rule] 1925(b), all issues on appeal are waived upon failure to timely file a [Rule 1925(b) Statement]. *J.P. v. S.P.*, 991 A.2d 904, 908 (Pa. Super. 2010) (failure to timely file court[-]ordered Rule 1925(b) [S]tatement results in waiver of all issues on appeal); *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (Rule 1925 is a bright[-]line rule and failure to comply with the minimal requirements results in automatic waiver of issues raised). Accordingly, [Appellants] have failed to preserve any issues for review.

Original Record (O.R.) at 189-190.[2]

By January 24, 2024 Order, this Court directed the parties to "address in their principal briefs on the merits whether Appellants preserved any issues on appeal considering their apparent failure to file a Rule 1925(b) Statement as directed by the trial court." *Id.* On February 1, 2024, Appellees filed their brief. Also, on February 1, 2024, Appellants filed "APPELLANTS['] RESPONSE TO

---

[1] This Court acknowledges that because, according to the trial court's docket entries, the trial court's Rule 1925(b) order was not mailed until December 19, 2024, the due date for filing and service was January 9, 2024. *See generally* Rule 108(a)(1) ("[T]he day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1)).

[2] Because the Original Record pages are not numbered, the page numbers referenced herein reflect electronic pagination.

[RULE] 1925" (Response).  Therein, Appellants stated, in relevant part:

> 3. Appellants had previously experienced multiple problems accessing the [trial court's] electronic docket and resolved these issues and had full access to upload and submit filings with the [trial c]ourt.
>
> 4. Appellants completed their response to [the trial court's] Rule 1925 order on Friday, January 5th, 2024, eighteen (18) days after [the trial court's] order, but upon attempting to file electronically, found that they no longer had access to the docket or cases (*see* Ex[.] C email to [] County Prothonotary).[3]
>
> 5. Appellants mailed their response(s) to [the trial judge] to the address as ordered via [United States Postal Service (]USPS[)] Priority Overnight mail on Sunday, January 7th, 2024, twenty (20) days from [the trial court's] order (*see* Ex[.] D USPS [r]eceipt and photograph of response and USPS mailer with paid postage attached).[4]
>
> 6. Appellants also emailed their response(s), with copies of the USPS receipts, to Appellees' counsel, as also directed by [the trial court's] Rule 1925 order, at 01:24 a[.]m[.], on January 8th, 2024, 21 days from [the trial court's] order (*see* Ex[.] E email).

---

[3] The email stated, in relevant part:

> [Gregory Stenstrom] was unable to e[-]file this weekend and last night because **I** cannot access [four] of the [six] recount cases as a party (Pro Se Plaintiff) and **have no other option than to come to the Court and your office to file by hand** - again.  I would appreciate your continued patience, and more so, a reason why I cannot currently respond to, or initiate a new filing in the subject cases so I can, in fact, file electronically via e[-]file to enter our Rule 1925 responses into their respective dockets.  If you can correct this issue, it would be very helpful.

Response Ex. C (emphasis added).

[4] Although Appellants state that the delivery was overnight, the attachments show otherwise.  The USPS receipt expressly provides: "Expected Delivery Date Wed[.] 1/10/2024[,]" and the mailer indicates: "EXPECTED DELIVERY DAY: 1/10/[20]24[.]"  Response Ex. D.

7. The USPS package with Appellants' response was picked up on January 11th, 2024 (*see* Ex[.] F USPS tracking receipt). The paid postage stamp clearly showed that the package was timely mailed on January 7th, 2024, as depicted in Ex[s.] D, E, F, and below[.]

Response at 2. On February 2, 2024, Appellants filed their brief. Appellants did not address the issue of whether Appellants preserved any issues on appeal considering their apparent failure to file a Rule 1925(b) Statement, as this Court directed.[5] Given Appellants' pro se status, this Court will treat the relevant portions of Appellants' Response as if they were incorporated into their brief.

Initially, the Pennsylvania Supreme Court declared in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998): "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) Statement]. Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." *Id*. at 309. Our Supreme Court reaffirmed in *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002): "[A]ny issues not raised in a Rule 1925(b) [S]tatement are waived." *Id*. at 634. Finally, in *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), the Supreme Court explained:

> [T]he *Lord/Butler* rule remains necessary to [e]nsure trial judges in each appealed case [have] the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amen[]able to meaningful appellate review. *See Lord*, 719 A.2d at 308. This firm rule avoids the situation that existed prior to *Lord* where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful

---

[5] Specifically, in their "Statement of Questions Presented," Appellants included: "Did Appellants comply with [the trial court's] Rule 1925 [o]rder? Suggested answer: YES." Appellants' Br. at 5, ¶23. However, the only mention of the Rule 1925(b) order was in their "Summary of Argument," wherein they state: "Pro Se Appellants timely complied with [the trial court's] Rule 1925 [o]rder, and do not waive any rights to appeal on all germane aspects." Appellants' Br. at 6, ¶26.

4

review' despite an appellant's failure to file a [Rule] 1925(b) [S]tatement or to include certain issues within a filed statement." *Butler*, 812 A.2d at 633. Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

*Castillo*, 888 A.2d at 779-80; *see also Commonwealth v. Schofield*, 888 A.2d 771 (Pa. 2005) (companion case to *Castillo*).

The *Castillo* Court expounded:

[W]e specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived. *See, e.g.*, *Commonwealth v. Alsop*, 799 A.2d 129 (Pa. Super. 2002) (declining to waive issues raised in [an] untimely [Rule] 1925(b) [S]tatement based on finding of no impediment to appellate review given trial court's discussion of issues); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa. Super. 2000) (same).

*Castillo*, 888 A.2d at 780; *see also Schofield*.

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925[(b)], it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). In *Berg*, one of the issues before the Pennsylvania Supreme Court was "[w]hether the [Pennsylvania] Superior Court erred in finding waiver of all appellate issues for failing to serve the trial judge with a [Rule 1925(b) Statement], when the trial judge's order directing a [Rule 1925(b) Statement] to be filed, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of [] Rule 1925(b)[.]" *Berg*, 6 A.3d at 1005.

5

The Pennsylvania Supreme Court explained:

> [T]he trial court's order instructed [the a]ppellants to '*file with the* [c]*ourt, and a copy with the trial judge*, a [Rule 1925(b) Statement] within twenty-one (21) days of the issuance of this order.' Order, 1/3/[20]08 (emphasis added). Despite any suggestion to the contrary, the express language of [its] order *did not* instruct [the a]ppellants to *serve* a copy of their [Rule] 1925(b) Statement on the trial judge; rather, it directed [the a]ppellants to *file* copies of their [Rule] 1925(b) Statement with the court and with the trial judge. Although the instruction to file a document with a trial judge is an oddity, we conclude [the a]ppellants substantially complied with this directive by presenting a copy to the prothonotary of Berks County.

*Berg*, 6 A.3d at 1008. The *Berg* Court's holding was limited to its facts, as explained therein:

> [The *Berg* Court] hold[s] that **the issues raised in** [**the a**]**ppellants'** [**Rule**] **1925(b) Statement were not waived**, despite the fact that the [Rule 1925(b) S]tatement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and **where the** [**trial**] **court's Rule 1925(**[**b**]**) order specified 'filing' and not 'service**.'

*Berg*, 6 A.3d at 1012 (emphasis added).

Here, the trial court's order specified:

> [P]ursuant to [Rule] 1925(b)(1), **Appellants are ORDERED to file of record** and serve **a** [**Rule 1925(b) Statement**] **no later than twenty-one (21) days after entry of this** [o]**rder**.

> The [Rule 1925(b)] Statement must be served on the undersigned [p]ursuant to [Rule] 1925(b)(1) in person or by mail directed to Chester County Justice Center, 201 West Market Street, Suite 6218, West Chester, Pennsylvania, 19380.

6

Service on all counsel of record and unrepresented parties shall be made concurrent with filing by any means of service specified under [Rule] 121(c).

**Any issue not properly included in the [Rule 1925(b)] Statement timely filed** and served **pursuant to [Rule] 1925(b) shall be waived**.

O.R. at 185 (emphasis added).

Rule 1925(b) expressly provides, in relevant part:

**Direction to File Statement of Errors Complained of on Appeal**; **Instructions to the Appellant and the Trial Court**. If the judge entering the order giving rise to the notice of appeal ([]judge[]) desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ([Rule 1925(b)] Statement[]).

(1) *Filing and Service.* **The appellant shall file of record the [Rule 1925(b)] Statement** and concurrently shall serve the judge. Filing of record shall be as provided in [Rule] 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a [USPS] Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar [USPS] form from which the date of deposit can be verified in compliance with the requirements set forth in [Rule] 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under [Rule] 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [Rule 1925(b)] Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an

7

amended or supplemental [Rule 1925(b)] Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [Rule 1925(b)] Statement[,] so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a [Rule 1925(b)] Statement or amended or supplemental [Rule 1925(b)] Statement *nunc pro tunc*.

. . . .

(3) *Contents of order.* The judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the [Rule 1925(b)] Statement;

(ii) **that the** [**Rule 1925**(b)] **Statement shall be filed of record**;

(iii) that the [Rule 1925(b)] Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [Rule 1925(b)] Statement in person and the address to which the appellant can mail the [Rule 1925(b)] Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [Rule 1925(b)] Statement on the judge; and

(iv) **that any issue not properly included in the** [**Rule 1925**(b)] **Statement timely filed** and served **pursuant to subdivision (b) shall be deemed waived**.

(vii) Issues not included in the [Rule 1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b) (text emphasis added).

In the instant matter, the trial court's order clearly specified that "Appellants are ORDERED to file of record and serve a [Rule 1925(b) Statement]

8

no later than twenty-one (21) days after entry of this [o]rder" and that "[a]ny issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to [Rule] 1925(b) shall be waived." O.R. at 185. Rule 1925(b) is mandatory. "Pursuant to [Rule 1925(b)], an appellant **must** comply whenever the trial court orders the filing of a [Rule] 1925(b) [S]tatement in order to preserve a claim for appellate review. . . . *Lord* . . . ." *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007) (emphasis added); *see also Greco v. City of Wilkes-Barre* (Pa. Cmwlth No. 1425 C.D. 2019, filed Mar. 2, 2021), slip op. at 12 ("Greco's failure to file its Rule 1925(b) Statement with the trial court prothonotary as directed requires this Court to conclude that the issues raised in Greco's Rule 1925(b) Statement were waived."); *Sampson v. Bureau of Admin. Adjudication* (Pa. Cmwlth. No. 1296 C.D. 2019, filed Dec. 8, 2020).[6]

> This holding comports with [the Pennsylvania Supreme] Court's view on pro se litigants. *See Vann v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], . . . 494 A.2d 1081, 1086 ([Pa.] 1985) (pro se litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu-Jamal*, . . . 555 A.2d 846, 852 ([Pa.] 1989) (pro se litigant 'is subject to same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney'); [*s*]*ee also*[] *Jones v. Rudenstein*, . . . 585 A.2d 520, 522 [(Pa. Super. 1991)] . . . (pro se litigant not absolved of complying with procedural rules and courts have no affirmative duty to walk pro se litigant through the rules).

*Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 n.5 (Pa. 1996) (italics omitted); *Sampson*, slip op. at 6. Consequently, Appellants' failure to file their Rule

---

[6] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value, but not as binding precedent. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

1925(b) Statement with the trial court prothonotary as the trial court directed requires this Court to conclude that the issues raised in Appellants' Rule 1925(b) Statement are waived.

For all of the above reasons, the trial court's order is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian D. Yanoviak, Gregory Stenstrom, :
Paul Linkmeyer, Dustin Kasper, and :
and Jaclyn Kasper, :
                   Appellants :
                              :
              v. :
                              :
Chester County and Chester County : No. 1522 C.D. 2023
Board of Elections :

PER CURIAM

## O R D E R

AND NOW, this 21st day of February, 2024, the Chester County Common Pleas Court's December 8, 2023 order is affirmed.