J-S42045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT SCOTT :
:
Appellant : No. 3630 EDA 2018

Appeal from the PCRA Order Entered November 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010894-2007

BEFORE: OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 17, 2019**

Appellant, Robert Scott, *pro se*, appeals from the order entered

November 13, 2018, that dismissed his first petition filed under the Post

Conviction Relief Act ("PCRA")[1] without a hearing. We affirm.

> The relevant background information underlying this matter is as
> follows. Appellant was a good friend and neighbor of
> Jahmeil Ragin for fifteen years. Jahmeil and Kahlil Ragin were
> brothers. On July 12, 2007, Appellant, Jahmeil Ragin,
> Kahlil Ragin, and Appellant's girlfriend, Reigna Jones, went to an
> illegal bar to celebrate Appellant's birthday. Appellant and
> Kahlil Ragin engaged in an intense argument at the bar. The
> owner of the bar then told everyone to leave. Appellant left the
> bar and took Ms. Jones home. Jahmeil Ragin called Appellant to
> ask him why he left, to which Appellant replied that he would drop
> off Ms. Jones and come back to pick up Jahmeil and Kahlil Ragin.
> Ms. Jones also testified that after the phone call Appellant stated,
> "I'm going to see this nigga about something; he's not going to
> talk to me like that". N.T., 05/25/10, at 126. Appellant later
> returned and shot both Kahlil and Jahmeil Ragin from a distance

---

[1] 42 Pa.C.S. §§ 9541–9546.

\* Retired Senior Judge assigned to the Superior Court.

of a few feet. Kahlil Ragin was killed by a shot to the head; Jahmeil Ragin was shot in the shoulder and injured.

***Commonwealth v. Scott***, No. 1920 EDA 2010, unpublished memorandum at 1-2 (Pa. Super. filed August 10, 2011).

Appellant then went to Ms. Jones's home and told her: "If anybody asks you tonight, if the cops or anybody ask you, you were with me and I put you on a bus. Say I put you on a bus." N.T., 5/25/2010, at 127-28. The next morning, Ms. Jones gave a statement to police that, at the time of the shooting, Appellant was walking her to a bus stop. ***Id.*** at 131. Ms. Jones later contacted the District Attorney's Office and asked to make a new statement, in which she recanted her first statement and admitted that Appellant was not with her at the time of the murder. ***Id.*** at 132-33.[2]

In 2008, a jury convicted Appellant of firearms not to be carried without a license, possession of instruments of crime, criminal attempt to commit murder, and aggravated assault[3] but could not reach a verdict on murder of

---

[2] The statements themselves were not included in the certified record. Ms. Jones's first statement was marked as Exhibit C-35, and her second statement was marked as Exhibit C-36. N.T., 5/25/2010, at 132-33. Both exhibits were admitted into evidence. N.T., 5/26/2010, at 151. We lament the absence of these exhibits from the record, "which has encumbered our consideration of this appeal. . . . Omissions like these significantly impair our ability to consider an appeal." ***Erie Insurance Exchange v. Moore***, 175 A.3d 999, 1005-06 (Pa. Super. 2017), *reargument denied* (January 24, 2018), *appeal granted on other grounds*, 189 A.3d 382 (Pa. 2018).

[3] 18 Pa.C.S. §§ 6106(a)(1), 907(a), 901(a), and 2702(a), respectively.

the first degree.[4] This Court affirmed his judgment of sentence, and Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.

In 2010, while that petition was pending, Appellant was retried before a jury on the murder count. At trial, Jahmeil Ragin "testified that he saw Appellant shoot him and his brother." *Scott*, No. 1920 EDA 2010, at 4. Ms. Jones testified about the intense argument between Appellant and Kahlil Ragin at the bar not long before the shooting and about what Appellant said to her after the telephone call from Jahmeil Ragin shortly before Kahlil Ragin was killed. N.T., 5/25/2010, 120-21, 126; *Scott*, No. 1920 EDA 2010, at 2. On direct examination, the Commonwealth showed Ms. Jones's two statements to police to her, and Ms. Jones admitted that she gave conflicting statements but asserted that the second one was truthful, as she had "lied through this whole [first] statement" like Appellant had asked her to do. N.T., 5/25/2010, at 128, 131-34. On cross-examination, trial counsel impeached Ms. Jones concerning the inconsistencies between her first and second statements and why she took so long to contact the authorities about changing her statement. *Id.* at 136-38, 140-41. "[T]he medical examiner testified that . . . Kahlil Ragin was shot in the head from no more than a few feet away." *Scott*, No. 1920 EDA 2010, at 3. Appellant was convicted and sentenced to life imprisonment

---

[4] *Id.* § 2502(a).

without the possibility of parole to be served concurrently to the sentences for his other convictions. He filed a timely direct appeal.

On September 7, 2010, the Pennsylvania Supreme Court denied Appellant's first petition for allowance of appeal from his 2008 convictions. On August 10, 2011, this Court affirmed his judgment of sentence for his murder conviction, and Appellant filed a petition for allowance of appeal from this affirmance with our Supreme Court, which was denied on March 30, 2012.

On February 22, 2013, Appellant *pro se* filed his first PCRA petition.[5] On December 5, 2013, the PCRA court appointed counsel to represent Appellant, but, on August 19, 2016, Appellant filed a motion to proceed *pro se*. On October 13, 2016, the PCRA court held a **Grazier**[6] hearing and granted Appellant's motion. On May 24, 2017, the PCRA court granted permission for Appellant to file an amended PCRA petition, which he did on September 26, 2017.

The amended PCRA petition alleged that trial counsel from Appellant's 2010 murder trial was ineffective, because he "failed to request a **Kloiber** charge"[7] and "fail[ed] to properly utilize witness prior inconsistent statements for impeachment[.]" Amended PCRA Petition, 9/26/2017, at 9, 14.

_____

[5] Appellant's PCRA petition only raises claims relating to his 2010 murder conviction and hence is timely. **See** 42 Pa.C.S. § 9545(b)(1).

[6] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[7] **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954).

On June 20, 2018, the Commonwealth filed a motion to dismiss the petition. On October 11, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response.

On November 13, 2018, the PCRA court dismissed Appellant's petition. On December 3, 2018, Appellant filed this timely appeal.

On December 18, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal by January 9, 2019. The order stated, "Any issue not properly included in the Statement timely filed and served shall be deemed waived." Order, 12/18/2018. Appellant filed his statement of errors complained of on appeal on February 12, 2019, more than a year late.

The PCRA court entered its opinion on February 27, 2019, in which it stated that Appellant's "issues are waived as untimely." PCRA Court Opinion, 2/27/2019, at 3. "However, in an abundance of caution," the PCRA court "address[ed] each individual issue." *Id.*

> When a trial judge orders a timely statement to be filed an appellant must comply or risk waiver. Waiver is required when an ordered statement is not filed, *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998), but is discretionary with the trial court when the statement is belatedly filed. *See In re C.R.J.*, 801 A.2d 1261 (Pa.Super.2002) (finding waiver where trial judge deemed all issues waived for belated filing); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000) (finding no waiver where trial judge elected to address belated statement). *See also Middleton v. Middleton*, 812 A.2d 1241 (Pa.Super.2002) (collecting cases).

- 5 -

***Commonwealth v. Smith***, 854 A.2d 597, 599–600 (Pa. Super. 2004). We decline to exercise our discretion to impose the waiver rule in response to Appellant's belatedly filed concise statement where the trial court filed an opinion addressing the issues on their merits and where Appellant's delay in filing does not preclude meaningful review.

We therefore turn to the following issues that Appellant now presents for our review:

> I.     The [trial] court committed an error of law in permitting the Commonwealth to present testimony of "911" calls that were not admissible. These tapes were used to corroborate her evidence and not to explain facts.
>
> II.    Ineffective Assistance of Counsel
>
> [a.]     Trial counsel failed to properly utilize witnesses' prior inconsistent statements for impeachment. Ms. Re[ig]na Jones, gave two different statements on 7/13/2007 and 7/16/2008, a week before she was scheduled for court. And Ms. Jones admitted that she had lied to the police.
>
> [b.]     Trial counsel failed to request a ***Kloiber*** charge. A ***Kloiber*** charge warns jurors that they should receive evidence of eyewitnesses with caution. Jahmeil Ragin, both failed to identify [Appellant] and stated that he did not know who shot him and his brother.

Appellant's Brief at 4-5 (issues re-ordered to facilitate disposition) (some additional formatting).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting

*Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)), *reargument denied* (July 17, 2019).

Preliminarily, we note that Appellant's first issue on appeal is waived, because he could have challenged the admissibility of testimony about 911 calls as part of his direct appeal following his sentencing in 2010, but he failed to do so. *See* 42 Pa.C.S. § 9544(b) ("for purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Appellant's surviving claims allege ineffective assistance of trial counsel at Appellant's 2010 retrial for murder. Appellant's Brief at 8-11. When reviewing a claim that a PCRA court erred by denying PCRA relief based upon ineffective assistance of counsel, we consider the following legal precepts:

> Counsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Medina*, 209 A.3d at 1000 (internal brackets, citations, and quotation marks omitted) (some additional formatting). "[C]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1211 (Pa. 2006).

For Appellant's first ineffectiveness claim – that trial counsel was ineffective for failing to utilize Ms. Jones's prior inconsistent statements to impeach her, Appellant's Brief at 10 – neither Appellant's amended PCRA petition nor his brief to this Court plead that Appellant suffered "prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Medina*, 209 A.3d at 1000. As Appellant failed to plead the prejudice prong of the ineffectiveness test for this claim, he cannot overcome the presumption that his trial counsel was effective. *Id.*

Assuming *arguendo* that Appellant had properly pleaded the prejudice prong, he still would not be entitled to relief. After a thorough review of the record, we note that trial counsel did not have to impeach Ms. Jones about her prior inconsistent statement, because the jury already knew about her conflicting statements, as they were presented and discussed on direct examination. N.T., 5/25/2010, at 131-34. Nevertheless, even though it may have been redundant, "[t]his issue was effectively addressed by trial counsel in his cross examination of Reigna Jones," because trial counsel "did effectively utilize the witness's prior inconsistent statement to impeach her." PCRA Court Opinion, filed February 27, 2019, at 6-7 (citing N.T., 5/25/2010, at 136-41). Appellant has consequently failed to prove that "the underlying legal claim is of arguable merit;" ergo, we reject this claim of ineffective assistance for this reason as well. *Medina*, 209 A.3d at 1000.

In the argument section of his brief, Appellant furthermore suggests that trial counsel was ineffective for not informing the jury that a material witness warrant had to be issued for Ms. Jones, because, he claims, "such information would have cast considerable doubt on the credibility of the witness" and "show[n] her motivation for testifying." Appellant's Brief at 11. However, Appellant makes no reference to the material witness warrant for Ms. Jones in his statement of questions involved, *id.* at 4-5, and "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).[8]

Appellant's remaining ineffectiveness claims relate to the testimony of Jahmeil Ragin, who Appellant contends knew him for 15 years yet "on several occasions failed to identif[y Appellant] to the police." Appellant's Brief at 8.

In a header in his brief, Appellant states that trial counsel was ineffective, because he "failed to . . . challenge Jahmeil Ragin, inconsistent statements for impeachment [sic]." *Id.* Under that heading, he includes only one sentence about Jahmeil Ragin's alleged prior inconsistent statements: "Trial counsel did not motion the court to impeach Mr. Ragin for his inconsistent statements, and Mr. Ragin admitted that he lied to police." *Id.*

---

[8] Appellant also made no reference to the material witness warrant in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

at 9. Appellant makes no further mention of trial counsel being ineffective for failing to use Jahmeil Ragin's alleged prior inconsistent statements to impeach him, beyond those two sentences. *See id.* at 8-11. As Appellant's brief presents no case law, citations to the record as to what these allegedly inconsistent statements even were, or other support for this claim, this issue is thereby waived. *See, e.g.*, *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Commonwealth v. Sullivan*, 864 A.2d 1246, 1248-49 (Pa. Super. 2004) (citing *Commonwealth v. Mercado*, 649 A.2d 946, 954 (Pa. Super. 1994) (failure to provide support for an issue may result in waiver of the claim)) (claims waived, "because none of [the a]ppellant's cited authority addresses" issue raised).

Finally, Appellant argues that trial counsel was ineffective for failing to request a *Kloiber* charge. Appellant's Brief at 8. "A *Kloiber* charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his

- 10 -

identification of a defendant, or had difficulty making an identification in the past." ***Commonwealth v. Reid***, 99 A.3d 427, 448 (Pa. 2014). Appellant maintains that such an instruction was necessary due to Jahmeil Ragin's equivocation and difficulty in his identification of Appellant. Appellant's Brief at 8. Additionally, he urges this Court to find that he was prejudiced by trial counsel's failure to request a ***Kloiber*** charge, as "the guilt or innocence of the Appellant rested upon identification[,]" where there was "no physical evidence" and "no one other than Jahmeil [Ragin] made the identification[.]" ***Id.*** at 8-9.

We consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). When the record is viewed in the light most favorable to the Commonwealth as the prevailing party, ***id.***, we find that Appellant has failed to prove that he was prejudiced by the lack of a ***Kloiber*** charge. ***See Medina***, 209 A.3d at 1000. Assuming that a ***Kloiber*** charge had been given and that it had caused the jury to discredit Jahmeil Ragin's testimony in its entirety, including his identification of Appellant as the shooter, the jury still could have concluded that Appellant was the perpetrator based upon Ms. Jones's testimony alone. Specifically, the jury could have reached this conclusion from her testimony that Appellant and Kahlil Ragin had been arguing shortly before Kahlil Ragin was murdered and that Appellant

had told her immediately before the shooting that he was not going to let Kahlil Ragin talk to him "like that." N.T., 5/25/2010, 120-21, 126; *Scott*, No. 1920 EDA 2010, at 1-2. Additionally, again assuming the jury were to ignore Jahmeil Ragin's testimony in its entirety, the evidence was still sufficient to establish that Appellant acted with the specific intent to kill, because, as this Court explained on direct appeal,

> the medical examiner testified that the Kahlil Ragin was shot in the head from no more than a few feet away. The use of a deadly weapon on a vital part of the body is sufficient evidence to establish the required intent for first-degree murder. *Commonwealth v. Vega*, 933 A.2d 997, 1009 (Pa. 2007).

*Scott*, No. 1920 EDA 2010, at 3-4. Accordingly, Appellant has failed to prove "that there was a reasonable probability of a different outcome if not for counsel's" failure to seek a *Kloiber* instruction about Jahmeil Ragin's identification of Appellant as the perpetrator. *Medina*, 209 A.3d at 1000.

For the reasons given above, we conclude that Appellant's issues raised on appeal are waived or meritless. Having discerned no error of law, we affirm the order below. *See id.* at 996.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/19

- 12 -