J-S79045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LEWIS BROOKS, | : | |
| | : | |
| Appellant | : | No. 2242 EDA 2014 |

Appeal from the Judgment of Sentence June 17, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0014184-2012;
MC-51-CR-0036240-2012

BEFORE:  GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 23, 2016**

Lewis Brooks ("Brooks") appeals from the judgment of sentence imposed following his convictions of aggravated assault, possessing an instrument of crime, simple assault and recklessly endangering another person.[1]  We affirm.

The trial court concisely set forth the relevant facts as follows:

On September 5, 2012, the complaining witness, [Keith] Johnson [("Johnson"),] was driving in the area of 58th and Willow [Streets] in Philadelphia.  At that location, [Johnson] observed [Brooks] driving a red Chevy Blazer.[FN]  Both men had a heated exchange of words[,] and [Brooks] told [Johnson] to follow him, which he did.  After a short period of time, [Johnson] turned off from following [Brooks] and instead went to a client's house on Florence [Avenue].  As he exited his truck, [Johnson] observed [Brooks] driving straight towards him in his vehicle.  [Brooks] struck [Johnson] with his vehicle, causing [Johnson] to impact the windshield.  [Johnson] was hospitalized for two months and suffered multiple fractures to his legs and scarring on his head.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 907(a), 2701(a), 2705.

[FN] [Johnson] and [Brooks] were having some animosity before this incident due to the fact that [Johnson] was the former paramour of [Brooks's] wife.

Trial Court Opinion, 6/23/15, at 2 (internal citations omitted).

Following a bench trial, Brooks was convicted of the above-mentioned crimes. The trial court deferred sentencing and ordered a pre-sentence investigation report. On June 17, 2014, the trial court sentenced Brooks to an aggregate term of 6 to 12 years in prison.

Brooks filed a *pro se* Motion for Reconsideration, which the trial court denied. Brooks filed a Notice of Appeal, and the trial court ordered Brooks to file a Pa.R.A.P. 1925(b) Concise Statement. Brooks's counsel did not respond to the Order, and the trial court subsequently appointed Brooks new counsel. On March 18, 2015, the trial court issued a new Order directing Brooks to file a Concise Statement within 21 days. However, Brooks, through counsel, did not file his Concise Statement until May 12, 2015.[2] Nevertheless, the trial court accepted Brooks's Concise Statement and addressed his claims in its Opinion.

On appeal, Brooks raises the following issue for our review: "Did the court commit error by convicting [Brooks] of the charges[,] where the evidence at trial was insufficient to [] disprove beyond a reasonable doubt

---

[2] The trial court's Order complied with the requirements of Rule 1925(b), and was properly served on Brooks's counsel pursuant to Pa.R.Crim.P. 114. Additionally, there is nothing in the record to suggest that Brooks sought an extension of time for filing his Concise Statement.

that [Brooks] acted in self[-]defense?" Brief for Appellant at 2.

Before addressing the merits of Brooks's claims, we must determine whether Brooks has properly preserved this issue for our review, as required by Pa.R.A.P. 1925(b). In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court declared that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Lord**, 719 at 309; **see also** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues … not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[3] This Court, sitting *en banc*, recently reconsidered the issue, and held that, following the Supreme Court's decisions in **Castillo** and **Schofield**,

> it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: Whenever

---

[3] Following the Supreme Court's decision in **Lord**, this Court briefly allowed the discretionary review of appeals where the trial court accepted an untimely Rule 1925(b) statement and addressed the issues raised in its Rule 1925(b) opinion. **See Commonwealth v. Aslop**, 799 A.2d 129 (Pa. Super. 2002); **Commonwealth v. Ortiz**, 745 A.2d 662 (Pa. Super. 2000). However, the Supreme Court specifically disapproved of this exception, and re-affirmed **Lord**'s bright-line rule. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (stating that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.").

a trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner.

***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (internal citations and quotation marks omitted). Therefore, because Brooks's Rule 1925(b) Concise Statement was untimely filed, his claim is waived. ***See id.*** at 227 (concluding that the appellant's issues were waived for failure to file a timely Rule 1925(b) statement).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

- 4 -