IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany McCall, : 
          Appellant : 
     : 
    v. : 
     : No. 973 C.D. 2024
City of Philadelphia : Submitted: November 6, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  December 31, 2025

Tiffany McCall (Appellant) appeals pro se from the Philadelphia County Common Pleas Court's (trial court) order dated June 26, 2024 (entered June 27, 2024) granting the City of Philadelphia (City) Office of Administrative Review's (OAR) Motion to Quash Appeal (Motion to Quash) and dismissing Appellant's appeal from the Bureau of Administrative Adjudication's (BAA) November 21, 2023 decision. The sole issue before this Court is whether Appellant waived her appellate issues for her failure to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). After review, this Court affirms the trial court's order.

On February 20, 2024, Appellant filed an appeal from the BAA's November 21, 2023 decision denying her appeal from the OAR's Speed Camera Enforcement Program's Notice of Violation.[1] *See* Original Record (O.R.) at 5. On

---

[1] The trial court granted Appellant's application to file a *nunc pro tunc* appeal. *See* Original Record at 10. Because the Original Record's pages are not numbered, this Court references electronic pagination herein.

February 21, 2024, the trial court issued a case management order (CMO), wherein the trial court directed Appellant, in relevant part:

> **Notes of Testimony:** ***You are required to obtain a copy of the hearing transcript or certified record if applicable from the agency once a scheduling order is issued***. ***Appellant must order a transcript of the proceedings by serving the stenographer with a copy of the Notice of Appeal and paying the stenographer for the cost of producing the notes***. The stenographer must then transcribe the notes of testimony, file the original notes with the appropriate agency and deliver a copy of the notes to appellant within thirty (30) days. Failure to order the transcript will result in the dismissal of the appeal absent good cause shown.
>
> ***Note: The appellant shall incur any cost associated with obtaining hearing transcripts***.

O.R. at 6 (bold and italic emphasis in original). On April 26, 2024, the trial court issued its scheduling order. *See* O.R. at 14.

On June 3, 2024, the OAR filed the Motion to Quash, seeking to have the trial court dismiss Appellant's appeal due to her failure "to arrange for the production of the OAR hearing transcript," as required by the trial court's CMO. O.R. at 18. On June 20, 2024, Appellant filed a Motion for Sanctions against the OAR for "failing to comply with [the] April 26, 2024 [trial c]ourt [o]rder to file [its] record with the Office of Judicial Records . . . by or on June []3, 2024[.]" O.R. at 25. On June 21, 2024, Appellant filed an answer and new matter opposing the OAR's Motion to Quash. *See* O.R. at 39. On June 26, 2024, the trial court granted the OAR's Motion to Quash.[2] *See* O.R. at 48.

On July 22, 2024, Appellant appealed from the trial court's June 26, 2024 order (entered June 27, 2024) to this Court. On July 30, 2024, the trial court

---

[2] The trial court did not address Appellant's Motion for Sanctions as the trial court granted the Motion to Quash before the answer thereto was due.

ordered Appellant to file a Rule 1925(b) Statement. *See* O.R. at 52. On February 5, 2025, the trial court filed its opinion pursuant to Rule 1925(a). Therein, the trial court stated, in pertinent part:

> [T]h[e] [trial c]ourt issued an [o]rder requiring Appellant to serve and file a [Rule] 1925(b) Statement within twenty-one (21) days. To date, which is over 21 days after the entry of th[e] [trial c]ourt's [Rule] 1925(b) [o]rder, Appellant has not filed or served a [Rule] 1925(b) Statement.
>
> The Commonwealth Court should affirm th[e] [trial c]ourt's [o]rder because Appellant failed to file and serve a [Rule] 1925(b) Statement, which results in an automatic waiver of all issues on [a]ppeal.

O.R. at 53.

> By March 10, 2025 Order, this Court instructed:
>
> [T]he parties shall address in their principal briefs on the merits or an appropriate motion whether Appellant preserved any issues for appellate review considering her apparent failure to file a [Rule] 1925(b) Statement as directed by the trial court.

Mar. 10, 2025 Order. Notwithstanding this Court's Order, Appellant did not address in her appellate brief to this Court whether she preserved any issues for appellate review.

Initially, the Pennsylvania Supreme Court declared in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998): "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) Statement]. Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." *Id*. at 309. Our Supreme Court reaffirmed in *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002): "[A]ny issues not raised in a Rule 1925(b) [S]tatement are waived." *Id*. at 634. Finally, in *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), our Supreme Court explained:

3

[T]he *Lord/Butler* rule remains necessary to [e]nsure trial judges in each appealed case [have] the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amen[]able to meaningful appellate review. *See Lord*, 719 A.2d at 308. This firm rule avoids the situation that existed prior to *Lord* where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a [Rule] 1925(b) [S]tatement or to include certain issues within a filed [Rule 1925(b) S]tatement." *Butler*, 812 A.2d at 633. Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

*Castillo*, 888 A.2d at 779-80; *see also Commonwealth v. Schofield*, 888 A.2d 771 (Pa. 2005) (companion case to *Castillo*).

The *Castillo* Court expounded:

[W]e specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived. *See, e.g., Commonwealth v. Alsop*, 799 A.2d 129 (Pa. Super. 2002) (declining to waive issues raised in [an] untimely [Rule] 1925(b) [S]tatement based on finding of no impediment to appellate review given trial court's discussion of issues); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa. Super. 2000) (same).

*Castillo*, 888 A.2d at 780; *see also Schofield*.

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925[(b)], it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). In *Berg*, one of the issues before the Pennsylvania Supreme Court was "[w]hether the [Pennsylvania] Superior Court erred in finding waiver of all appellate issues for failing to serve the trial judge with a [Rule 1925(b)

4

Statement], when the trial judge's order directing a [Rule 1925(b) Statement] to be filed, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of [] Rule 1925(b)[.]" *Berg*, 6 A.3d at 1005.

The Pennsylvania Supreme Court explained:

> [T]he trial court's order instructed [the a]ppellants to 'file with the [c]ourt, and a copy with the trial judge, a [Rule 1925(b) Statement] within twenty-one (21) days of the issuance of this order.' Order, 1/3/[20]08 . . . . Despite any suggestion to the contrary, the express language of [its] order did not instruct [the a]ppellants to serve a copy of their [Rule] 1925(b) Statement on the trial judge; rather, it directed [the a]ppellants to file copies of their [Rule] 1925(b) Statement with the court and with the trial judge. Although the instruction to file a document with a trial judge is an oddity, [our Supreme Court] conclude[d] [the a]ppellants substantially complied with this directive by presenting a copy to the prothonotary . . . .

*Berg*, 6 A.3d at 1008. The *Berg* Court's holding was limited to its facts, as explained therein:

> [The *Berg* Court] hold[s] that the issues raised in [the a]ppellants' [Rule] 1925(b) Statement were not waived, despite the fact that the [Rule 1925(b) S]tatement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and where the [trial] court's Rule 1925([b]) order specified "filing" and not "service."

*Berg*, 6 A.3d at 1012.

Here, the trial court's order specified:

> [P]ursuant to [Rule] 1925(b), [] Appellant. . . is hereby **ORDERED** to file of record with the lower court and serve on the trial judge a [Rule 1925(b) Statement] not later than twenty-one (21) days after entry of this [o]rder.
>
> Any issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) of [Rule] 1925 shall be deemed waived.

5

O.R. at 52.

Rule 1925(b) expressly provides, in relevant part:

**Direction to File Statement of Errors Complained of on Appeal**; **Instructions to the Appellant and the Trial Court**. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and Service.* **The appellant shall file of record the** [**Rule 1925(b)**] **Statement** and concurrently shall serve the judge. Filing of record shall be as provided in [Rule] 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in [Rule] 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under [Rule] 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [Rule 1925(b)] Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental [Rule 1925(b)] Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [Rule 1925(b)] Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the

6

filing of a [Rule 1925(b)] Statement or amended or supplemental [Rule 1925(b)] Statement *nunc pro tunc*.

. . . .

(3) *Contents of order.* The judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the [Rule 1925(b)] Statement;

(ii) **that the [Rule 1925(b)] Statement shall be filed of record**;

(iii) that the [Rule 1925(b)] Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [Rule 1925(b)] Statement in person and the address to which the appellant can mail the [Rule 1925(b)] Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [Rule 1925(b)] Statement on the judge; and

(iv) **that any issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.**

Pa.R.A.P. 1925(b) (text emphasis added).

In the instant matter, the trial court's order clearly specified that "Appellant . . . is hereby **ORDERED** to file of record with the lower court and serve on the trial judge a [Rule 1925(b) Statement] not later than twenty-one (21) days after entry of this [o]rder" and that "[a]ny issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) of [Rule] 1925 shall be deemed waived." O.R. at 52. Rule 1925(b) is mandatory. "Pursuant to [Rule 1925(b)], an appellant must comply whenever the trial court orders the filing of a [Rule] 1925(b) [S]tatement in order to preserve a claim for appellate review. . . . Lord . . . ." *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007);

7

*see also Greco v. City of Wilkes-Barre* (Pa. Cmwlth No. 1425 C.D. 2019, filed Mar. 2, 2021), slip op. at 12 ("Greco's failure to file its Rule 1925(b) Statement with the trial court prothonotary as directed requires this Court to conclude that the issues raised in Greco's Rule 1925(b) Statement were waived."); *Sampson v. Bureau of Admin. Adjudication* (Pa. Cmwlth. No. 1296 C.D. 2019, filed Dec. 8, 2020).[3]

> This holding comports with [the Pennsylvania Supreme] Court's view on pro se litigants. *See Vann v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], . . . 494 A.2d 1081, 1086 ([Pa.] 1985) (pro se litigant must to some extent assume the risk that his lack of legal training will prove his undoing); *Commonwealth v. Abu-Jamal*, . . . 555 A.2d 846, 852 ([Pa.] 1989) (pro se litigant 'is subject to same rules of procedure as is a counseled defendant; he has no greater right to be heard than he would have if he were represented by an attorney'); [*s*]*ee also*[] *Jones v. Rudenstein*, . . . 585 A.2d 520, 522 [(Pa. Super. 1991)] . . . (pro se litigant not absolved of complying with procedural rules and courts have no affirmative duty to walk pro se litigant through the rules).

*Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 n.5 (Pa. 1996) (italics omitted); *see also Sampson*. Consequently, Appellant's failure to file her Rule 1925(b) Statement of record with the lower court as the trial court directed requires this Court to conclude that the issues raised therein are waived.[4]

---

[3] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value, but not as binding precedent. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported decisions herein are cited for their persuasive value.

[4] It is of no moment that the trial court did not include both the place Appellant could serve the Rule 1925(b) Statement on the trial judge in person and the address to which Appellant could mail the Rule 1925(b) Statement to the trial judge, *see* Pa.R.A.P. 1925(b)(3)(iii), as that is not the reason for this Court finding waiver. It is only Appellant's failure to file a Rule 1925(b) Statement with the trial court that results in waiver. "This Court may affirm on grounds different than those relied upon by the court or agency below if such grounds for affirmance exist." *Commonwealth v. Miller*, 288 A.3d 939, 946 n.14 (Pa. Cmwlth. 2023) (quoting *Smart Commc'ns Holding, Inc. v. Wishnefsky*, 240 A.3d 1014, 1016 n.2 (Pa. Cmwlth. 2020)).

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany McCall,              :
         Appellant     :
                         :
      v.                  :
                         :   No. 973 C.D. 2024
City of Philadelphia     :

O R D E R

AND NOW, this 31st day of December, 2025, the Philadelphia County Common Pleas Court's order dated June 26, 2024 (entered June 27, 2024) is affirmed.

_____
ANNE E. COVEY, Judge